

**U.S. Department of Justice**

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 13, 2021

Cory Flashner, Esq.
Edmund Daley, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo
One Financial Center
Boston, MA 02111

    Re:   <u>United States v. Richard Hajjar</u>

Dear Mr. Flashner and Mr. Daley:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Richard Hajjar ("Defendant"), agree as follows with respect to the above-referenced case:

    1.   <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall waive indictment and plead guilty to an Information charging him with wire fraud, in violation of Title 18, United States Code, Section 1343 (Count One); unlawful monetary transactions, in violation of Title 18, United States Code, Section 1957 (Count Two); and filing a false tax return, in violation of Title 26, United States Code, Section 7206(1) (Count Three). Defendant admits that he committed the crimes specified in these counts and is guilty of each one.

    2.   <u>Penalties</u>

Defendant faces the following maximum penalties:

    a. As to Count One, wire fraud: incarceration for 20 years; supervised release for three years; a fine of $250,000 or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

    b. As to Count Two, unlawful monetary transactions: incarceration for 10 years; supervised release for three years; a fine of $250,000 or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

c. As to Count Three, filing a false tax return: incarceration for three years; supervised release for one year; a fine of $250,000, or twice the gross gain or loss, whichever is greater; and a mandatory special assessment of $100.

Defendant understands that, if he is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw his plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw his guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. Sentencing Guidelines

The parties agree, based on the following calculation, that Defendant's total offense level under the Guidelines is 29:

Wire Fraud (Count One):

a) Defendant's base offense level is 7, because the offense of conviction has a statutory maximum term of imprisonment of 20 years or more (USSG § 2B1.1(a));

b) Defendant's offense level is increased by 22, because the loss from the offense of conviction was more than $25,000,000 but not more than $65,000,000 (USSG § 2B1.1(b)(1)(L));

c) Defendant's offense level is increased by 2 because the offense involved the abuse of a position of trust (USSG § 3B1.3):

Unlawful Monetary Transactions (Count Two):

a) Defendant's base offense level is 30 (USSG §§ 2S1.1(a) and 2B1.1, App. Note 2);

2

b) Defendant's offense level is increased by 1 because Defendant is charged with a violation of 18 U.S.C. § 1957 (USSG §2S1.1(b)(2)).

Fraud and False Statements (Count Three):

a) Defendant's base offense level is 24, because the tax loss caused by his offense was more than $3,500,000 but not more than $9,500,000 (USSG §§ 2T1.1(a)(1) and 2T4.1(G));

b) Defendant's offense level is increased by 2, because Defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity (USSG § 2T1.1(b)(1))

Grouping and Acceptance of Responsibility

a) Defendant's total offense level is 32 because the wire fraud and unlawful monetary transactions counts group and have an offense level of 31. The offense level is increased by 1 under USSG § 3D1.4(b).

b) Defendant's offense level is decreased by three, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. Agreed Disposition

The parties agree on the following sentence:

(a) incarceration for a term of not less than 48 months and not more than 74 months;

3

  (b)  36 months of supervised release;

  (c)  a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing;

  (e)  restitution in an amount to be determined at sentencing; and

  (f)  forfeiture as set forth in Paragraph 8.

Pursuant to 18 U.S.C. § 3663(a)(3), the parties agree jointly to recommend that the Court order restitution to the Internal Revenue Service ("IRS") in an amount to be determined at sentencing.

During the term of supervised release or probation, Defendant must, within six months of sentencing or release from custody, whichever is later:

  (i)  cooperate with the Examination and Collection Divisions of the IRS;

  (ii)  provide the Examination Division with all financial information necessary to determine Defendant's prior tax liabilities;

  (iii)  provide the Collection Division with all financial information necessary to determine Defendant's ability to pay;

  (iv)  file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

  (v)  make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

6.  <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Plea Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

  (a)  Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;

  (b)  Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and

      (c)    Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Plea Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

If the U.S. Attorney requests, Defendant further agrees to complete truthfully and accurately the sworn financial statement enclosed with this Plea Agreement and to deliver that statement to the U.S. Attorney within 30 days of signing this Plea Agreement.

7.    <u>Waiver of Right to Appeal and to Bring Future Challenge</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) He will not challenge his <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

8. Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

    a. At least $30,000,000 to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that at least $30,000,000 is subject to forfeiture on the grounds that it is equal to the amount of proceeds Defendant derived from the offenses and/or the amount of money involved in Defendant's offenses.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which

Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

Defendant states that Defendant is the sole and lawful owner of, and consents to forfeiture of, the following substitute assets:

> a. the real property located at 14 Ryan's Lane, Duxbury, Massachusetts more particularly described in the Quitclaim Deed recorded on March 11, 1996 at Book 14196, Page 238, in the Plymouth County Registry of Deeds.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

9. Information for Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

10. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his/her criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working

with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI and IRS to the aforementioned agencies and their representatives of information for purposes of making that assessment.

11. <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

12. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

13. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Mackenzie A. Queenin.

Very truly yours,

NATHANIEL R. MENDELL
Acting United States Attorney

By: _____
STEPHEN E. FRANK
Chief
Securities, Financial & Cyber Fraud Unit

_____
MACKENZIE A. QUEENIN
CAROL E. HEAD
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Richard Hajjar
Defendant

Date: __4-14-21__

I certify that Richard Hajjar has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
Cory Flashner, Esq.
Edmund Daley, Esq.
Attorneys for Defendant

Date: __April 14, 2021__