UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>RICHARD HAJJAR,       )<br>)<br>Defendant.   ) | Criminal No. 21-CR-10116-NMG |

**UNITED STATES' PROVISIONAL MOTION FOR (1) ORDER OF FORFEITURE (MONEY JUDGMENT) AND (2) PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS IN PARTIAL SATISFACTION OF ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Nathaniel R. Mendell, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) and a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C), 982(a)(1) and 28 U.S.C § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. Proposed Orders of Forfeiture is submitted herewith. In his plea agreement, defendant Richard Hajjar (the "Defendant"), agreed to entry of the requested order.  *See* Docket No. 3 (Rule 11(c)(1)(C) plea agreement).

Significantly, the plea agreement has been offered pursuant to Rule 11(c)(1)(C) and this Court has not yet determined whether to accept the plea.  The government respectfully requests the Court consider this motion if, and only if, the Court accepts the Plea Agreement.

In support thereof, the United States sets forth the following:

1.      On April 14, 2021, the United States Attorney for the District of Massachusetts filed a three-count Information, charging defendant Richard Hajjar (the "Defendant"), with Wire Fraud, in violation of 18 U.S.C. § 1343 (Count One); Unlawful Monetary Transactions, in violation

of 18 U.S.C. § 1957 (Count Two); and Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1) (Count Three). *See* Docket No. 1.

2. The Information also included a General Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The Information also included a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Two of the Information, of any property, real or personal, involved in such offense, and any property traceable to such property.

4. The Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C § 2461(c) and 18 U.S.C § 982(b).

5. On May 5, 2021, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pleaded guilty to Counts One through Three of the Information, pursuant to a written plea agreement that he signed on April 14, 2021. *See* Docket No. 3. The Court

conditionally accepted the Defendant's plea.   Docket No. 12.

6. In Section 8 of the plea agreement, the Defendant admitted that at least $30,000,000 is subject to forfeiture on the grounds that it is equal to proceeds of the Defendant's offense and/or it was involved in Defendant's offense. *Id*. at 6.

7. Additionally, in section 8 of the Plea Agreement, the Defendant stated that he is the sole and lawful owner of, and consented to the forfeiture of, the following substitute assets:

> (a) The real property located at 14 Ryan's Lane, Duxbury, Massachusetts more particularly described in the Quitclaim Deed recorded on March 11, 1996 at Book 14196, Page 238, in the Plymouth County Registry of Deeds.

("The Property").

8. Pursuant to Rule 32.2(4)(A), Rule 11(c)(1)(C), and based upon the Defendant's consent to entry of the requested order, the Order of Forfeiture (Money Judgment) and Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) become final upon the Court's acceptance of the Defendant's guilty plea, and upon entry by this Court at sentencing.   The instant motion and proposed orders are filed in advance of sentencing, and before the Court has determined whether to accept the plea, in compliance with Rule 32.2(b)(2)(B) of the Federal Rules of Criminal Procedure, requiring the Court to allow a party an opportunity to "suggest revisions or modifications before the order becomes final."   Although the government has requested the Court delay entry of the requested order unless and until the Court accepts the plea, by filing the instant motion and proposed order in advance of sentencing, the Defendant has the opportunity to review the terms and conditions of the proposed Order and respond to the Court accordingly.

**Money Judgment**

9. Based on the Defendant's admissions in the written plea agreement and his guilty plea on May 5, 2021, the United States is entitled to an Order of Forfeiture consisting of a personal

money judgment against the Defendant in the amount of $27,300,552.67[1], pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 28 U.S.C § 2461(c). This amount represents proceeds that the Defendant derived from his offense.

10. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See*, *e.g.*, *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense).

11. Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See United States v. Saccoccia*, 564 F.3d 502, 506-07 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

12. Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m) and 28 U.S.C. § 2461(c) (making Section 853 applicable to all criminal forfeiture cases); *see also United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool

---

[1] Although the total proceeds the Defendant obtained as a result of the offenses equal $30,592,337, the government has decided to exercise its discretion and credit the Defendant with amounts already returned to the victim, which equal $3,291,784.33, thus reducing the Defendant's forfeiture money judgment amount to $27,300,552.67.

of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

13. Pursuant to Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.

**Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment)**

14. The United States has determined that the Defendant has an interest in the Property and therefore, pursuant to 21 U.S.C. § 853(p), incorporated by 18 U.S.C. § 982(b) and 28 U.S.C § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is entitled to a Preliminary Order of Forfeiture against the Property in partial satisfaction of the Money Judgment.

15. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 982(b) and 28 U.S.C § 2461(c), both incorporating 21 U.S.C. § 853(p), the United States shall publish, for thirty (30) consecutive calendar days, notice of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment, and notice of the United States' intent to dispose of the Property on the government website www.forfeiture.gov, and notice that any person, other than the Defendant, having or claiming a legal interest in the Property, must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

16. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property, shall be signed by the petitioner under

penalty of perjury, and shall set forth the nature and extent of the petitioner's claim and the relief sought.

17. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Property, as substitute for published notice as to those persons to be notified.

WHEREFORE, the United States requests that this Court, if, and only if, the Court accepts the plea agreement tendered pursuant to Rule 11(c)(1)(C), at sentencing:

(a) enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) enter the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment in the form submitted herewith;

(c) retain jurisdiction for the purpose of enforcing the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment;

(d) include the forfeiture, as set forth and in the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment, in the oral pronouncement of the Defendant's sentence; and

(e) incorporate the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment and in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: /s/ Carol E. Head
MACKENZIE A. QUEENIN
CAROL E. HEAD
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Dated: September 2, 2021